UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JESSE GILMORE, ET AL. | CIVIL ACTION NO. 06-1509 (LEAD) |
| | CIVIL ACTION NO. 06-1510 (MEMBER) |
| versus | JUDGE TRIMBLE |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the court is defendants' Motion to Dismiss All Unnamed Defendants [Doc. # 60] in which defendants seek dismissal of all claims against all unnamed defendants pursuant to Federal Rule of Civil Procedure Rule 4(M). Plaintiff timely filed a memorandum of opposition [Doc. # 72].

We have previously addressed the issue of these unnamed defendants on the occasion of defendants' first Motion to Dismiss [Doc. # 28]. Citing Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), we held that plaintiff's claims against "John Doe" defendants was acceptable given the circumstances which gave rise to this suit[1]. Following the reasoning of the United States Supreme Court, we noted that allowing unnamed defendants serves a practical purpose, since some defendants' names are only discernable through discovery[2].

---

[1] Doc. # 37 ("Memorandum Ruling" issued 1/31/07) at p. 3.

[2] Id.

-1-

Defendants urge this court to dismiss plaintiff's claims against all unnamed defendants on the basis that ample time has been given for plaintiff to perfect service, yet plaintiff has failed to do so. In support of this argument, defendants point out that plaintiff has been granted two extensions of time to make service and, although he has not requested any further extension, has again failed to successfully serve the unnamed defendants in this case.

Under the circumstances present in this case, this court finds that an additional six (6) months should be granted to plaintiff for the perfection of service on all unnamed defendants. Should plaintiff remain unable to perfect such service and, additionally, unable to show good cause for such delay[3], this court will, on defendants' motion, dismiss all claims against remaining unnamed defendants. It is not the intention of this court to provide an infinite amount of time for plaintiff to fulfill his duty of notice to those against whom he asserts a claim. In this instance, however, we find good cause exists for a grant of additional time.

We now address the issue of the integrity of the perfection of service on Sergeant Tommy White ("SGT White"). Defendants seek a ruling from this court invalidating service on SGT White, executed May 14, 2007, well past the deadline of February 27, 2007[4]. Plaintiff argues that a portion of the delay in this matter is attributable to defense counsel Landry who, Hall argues, stated that he would execute a waiver of service once SGT White's proper first name was ascertained. In support of this argument, plaintiff attaches several pieces of correspondence

---

[3] Fed. R. Civ. P. 4(m).

[4] Doc. # 35 ("Order" granting motion to extend issued 12/28/06).

between counsel for the parties[5].

This court finds that plaintiff has shown ample diligence in his quest for service on SGT White and, as demonstrated by the correspondence, acted quickly to perfect service once it was learned that no waiver of service would be granted by defendants.

While we acknowledge the failure of plaintiffs to seek further extensions of time for service, we find that, had plaintiffs moved for (and been granted) dismissal of all claims against SGT White after the lapse of the February 27th deadline, such dismissal would have been (if granted) granted without prejudice. Plaintiff has now perfected service on the appropriate SGT White and, therefore, service should stand.

Having considered the law and arguments advanced by the parties, it is hereby

**ORDERED** that plaintiffs be granted an extension of six (6) months in which to perfect service on all unnamed defendants in this case. It is further

**ORDERED** that all claims against Sergeant Tommy White shall be maintained, as the service of process is valid as to this defendant.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 15th day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[5]See Exhibits A and B to Doc. # 72 ("Memorandum in Opposition to Defendants' Motion to Dismiss" filed