| | |
|---|---|
| JESSE GILMORE, ET AL. | CIVIL ACTION NO. 06-1509 (LEAD)<br>CIVIL ACTION NO. 06-1632 (MEMBER) |
| versus | JUDGE TRIMBLE |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the court is defendants' Motion to Dismiss All Unnamed Defendants [Doc. # 62] in which defendants seek dismissal of all claims against all unnamed defendants pursuant to Federal Rule of Civil Procedure Rule 4(M). Plaintiff timely filed a memorandum of opposition [Doc. # 78].

We have previously addressed the issue of these unnamed defendants on the occasion of defendants' first Motion to Dismiss [Doc. # 10]. Citing Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), we held that plaintiff's claims against "John Doe" defendants was acceptable given the circumstances which gave rise to this suit[1]. Following the reasoning of the United States Supreme Court, we noted that allowing unnamed defendants serves a practical purpose, since some defendants' names are only discernable through discovery[2].

---

[1] Doc. # 19 ("Memorandum Ruling" issued 1/31/07) at p. 3.

[2] Id.

-1-

Defendants urge this court to dismiss plaintiff's claims against all unnamed defendants on the basis that ample time has been given for plaintiff to perfect service, yet plaintiff has failed to do so. In support of this argument, defendants point out that plaintiff has been granted two extensions of time to make service and, although he has not requested any further extension, has again failed to successfully serve the unnamed defendants in this case.

Under the circumstances present in this case, this court finds that an additional six (6) months should be granted to plaintiff for the perfection of service on all unnamed defendants. Should plaintiff remain unable to perfect such service and, additionally, unable to show good cause for such delay[3], this court will, on defendants' motion, dismiss all claims against remaining unnamed defendants. It is not the intention of this court to provide an infinite amount of time for plaintiff to fulfill his duty of notice to those against whom he asserts a claim. In this instance, however, we find good cause exists for a grant of additional time.

Defendants also ask for a dismissal of all claims against defendants Bordelon and England. We note that plaintiff has no objection to the dismissal of claims as to England[4] and, therefore, the motion shall be granted as to this particular defendant.

Plaintiff has demonstrated efforts to ascertain the true and full identity of defendant Bordelon which we cannot, given the circumstances of this case, classify as unreasonably dilatory or neglectful. We agree with plaintiff's assessment of defendant Bordelon as an essentially unknown defendant, given that there are two Louisiana Department of Corrections

---

[3] Fed. R. Civ. P. 4(m).

[4] Doc. # 78 ("Memorandum in Opposition to Defendants' Motion to Dismiss") filed 5/21/07) at p.1, n. 1.

employees with this last name. We find that additional time for discovery as to this defendant and, accordingly, to perfect service thereon, is appropriate as described above.

Having considered the law and arguments advanced by the parties, it is hereby

**ORDERED** that plaintiffs be granted an extension of six (6) months in which to perfect service on all unnamed defendants, including defendant Bordelon, in this case. It is further

**ORDERED** that all claims against defendant England be dismissed without prejudice.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 15th day of June, 2007.

                                            JAMES T. TRIMBLE, JR.
                                            UNITED STATES DISTRICT JUDGE