RECEIVED
IN ALEXANDRIA, LA
OCT 11 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JESSE GILMORE** | **CIVIL ACTION NO. 06-1509 (LEAD)** |
| | **NO. 06-1510 (MEMBER)** |
| | **NO. 06-1511 (MEMBER)** |
| | **NO. 06-1512 (MEMBER)** |
| | **NO. 06-1561 (MEMBER)** |
| | **NO. 06-1631 (MEMBER)** |
| | **NO. 06-1634 (MEMBER)** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **RICHARD STALDER, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the court are identical motions, filed in the lead and member cases captioned above, wherein defendants seek certification of this court's June 15, 2007 orders pursuant to 28 U.S.C. § 1292(b). Although the cases captioned above have been consolidated for pre-trial purposes, the court notes that this has not effectively consolidated motion practice in this case. In order that the efficiency sought by pre-trial consolidation is achieved, we will address all motions for appellate certification herein. It is expected that all future motions by the parties be consolidated in as much as consolidation is practicable.

Defendants assert that this court's orders granting plaintiffs an additional six (6) months to perfect service on all unnamed defendants constitute a "...controlling question of law the

resolution of which is likely to affect the future course of this litigation."[1]  Specifically, defendants allege that plaintiffs, collectively, made no showing of good cause for which service had not been perfected.  Moreover, defendants claim that our ruling has the effect of prejudice on them, as it extends the period for service until or near until the delay for discovery in these cases.

28 U.S.C. § 1292(b) provides, in part, that:

> "when a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

Fed. R. Civ. P. 4(m) grants discretion to the district court in determining whether or not extensions of time to perfect service are granted by stating:

> "**(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period..."

The United States Court of Appeal for the Fifth Circuit interpreted Rule 4(m) in Thompson v. Brown[2], finding that the rule mandates that district courts grant enlargements of

---

[1]Defendants make this claim in each of the motions filed, but see, for example, R. 96 at ¶ 6.

[2]91 F.3d 20 (5th Cir. 1996).

time to perfect service when good cause is shown, but grants these courts discretion to provide additional time for service even when no good cause is shown.[3] Thus, whether or not a plaintiff receives a grant of additional time to properly serve a defendant when no good cause is shown is not a question of law, but of discretion and is thus, reviewed for abuse of that discretion.[4] When issues are left to the discretion of the district court, no "issue of law," controlling or otherwise is indicated.[5] Accordingly, we find that certification of our orders granting enlargement of time for service of process on unnamed defendants in this case is not proper, as these orders involve matters of district court discretion and not questions of controlling law.

The court is aware, as defendants point out, that our grant of additional time for service may necessitate changes in deadlines for discovery and, potentially, continuation of trial dates in these cases. It is the intention of this court that no party be disadvantaged in the prosecution or defense of these cases and all motions for extension and/or continuance shall be carefully considered in an effort to prevent such a result. It is expected that all parties maintain diligent communication with one another and the court in order that these issues, should they arise, be dealt with in an efficient manner.

Having reviewed the law and arguments before us, it is hereby

ORDERED that defendants' motions for certification of immediate appealability of our

---

[3] Id. at p. 21.

[4] 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3929 (2d ed. 1996)

[5] See, for example, J.C. Trahan Drilling Contractor, Inc. v. Sterling, 335 F.2d 65 (5th Cir. 1964), wherein the court found that because decision to allow or disallow sequestration lies within the discretion of the district court, an interlocutory order directing sequestration did not involve a controlling question of law.

interlocutory orders pursuant to 28 U.S.C. § 1292(b) are DENIED for the reasons stated herein. It is further

ORDERED that all parties consolidate motion practice in these cases, consolidated for pre-trial purposes, as it is practicable in each instance.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 11th day of October, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE